**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **POWER PROBE GROUP, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**FISHER TOOL COMPANY, INC. D/B/A ASTRO PNEUMATIC TOOL COMPANY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>**Case No.: 1:26-cv-1320**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff Power Probe Group, Inc. ("Plaintiff" or "Power Probe"), by and through its undersigned counsel, for its Complaint against Defendant Fisher Tool Company, Inc. d/b/a Astro Pneumatic Tool Company ("Defendant" or "AstroTools"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for willful patent infringement of United States Patent No. 11,054,093 (**Exhibit 1**) pursuant to the Patent Act, 35 U.S.C. §§ 101, *et seq*, based on AstroTools' unauthorized commercial manufacture, use, importation, offer for sale, and sale of its MWL2250 Modular 2,250 Lumens Rechargeable Work Light (the "Accused Product").

## THE PARTIES

2. Plaintiff, Power Probe Group, Inc. ("Plaintiff" or "Power Probe"), is a Delaware corporation with its address at 6509 Northpark Boulevard, Unit 400, Charlotte, North Carolina 28216.

3. Power Probe is an industry-recognized manufacturer specializing in automotive diagnostic and electrical testing tools, including specialty shop equipment designed to help auto repair technicians work more efficiently.

4. Power Probe offers versatile workplace illumination gear, notably its Modular Work Light series, including the "MWL1000 Modular Work Light" and "MWL1400 Modular Work Light" (collectively, "Power Probe's Modular Work Light Series").

5. Upon information and belief, Defendant Fisher Tool Company, Inc. d/b/a Astro Pneumatic Tool Company ("Defendant" or "AstroTools") is a corporation organized and existing under the laws of California, having a principal address at 1230 Santa Anita Ave. Unit E, South El Monte, California 91733.

6. Upon information and belief, AstroTools is registered to do business in North Carolina, and maintains a registered office and mailing address at 372 Old US Highway 52 South, Mount Airy, North Carolina 27030.

7. Upon information and belief, AstroTools manufactures, markets, sells, and distributes the Accused Product to customers through nationwide distribution network, including to customers in North Carolina and in this District.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* Accordingly, this Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has *personal* jurisdiction over AstroTools consistent with the requirements of the Due Process Clause of the United States Constitution and the North Carolina long-arm statute, N.C. Gen. Stat. § 1-75.4. AstroTools has purposefully availed itself of the privilege of conducting business in North Carolina and in this District, and Power Probe's claims arise out of and relate to AstroTools' contacts with this forum.

10. Upon information and belief, AstroTools is registered with the North Carolina Secretary of State to transact business in North Carolina and maintains a registered office and mailing address at 372 Old US Highway 52 South, Mount Airy, North Carolina 27030, which is located in Surry County, within this District.

11. This Court has *in personam* jurisdiction over AstroTools because AstroTools has committed and continues to commit acts of infringement in this District, including by making, using, offering to sell, selling, and/or importing the Accused Product, and by inducing others to do so, thereby deriving substantial revenue from products sold to individuals and businesses in this District.

12. Upon information and belief, AstroTools operates a physical place of business in this District relating to the Accused Product, including marketing the Accused Product to customers in this District through its website, https://www.astrotools.com, and its distributor network.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Power Probe's claims occurred in this District, including but not limited to AstroTools' acts of infringement.

14. Venue is also proper in this District under 28 U.S.C. § 1400(b) because AstroTools has committed acts of infringement in this District (e.g., offering to sell and selling the Accused Product) and has a regular and established place of business in this District (i.e., at 372 Old US Highway 52 South, Mount Airy, North Carolina 27030).

## **FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

### ***The ’093 Patent***

15. United States Patent No. 11,054,093 (the "’093 Patent" or "Patent-in-Suit"), entitled "Modular Lighting System," was duly and legally issued on July 6, 2021, and names Joshua Carton and Wayne Russell as the inventors. *See* **Exhibit 1**.

16. The ’093 Patent issued from United States Application No. 15/900,635, which was filed on February 20, 2018, and published as U.S. Patent Application Publication No. 2019/0257484 A1 on August 22, 2019. *See* **Exhibit 1**. The ’093 Patent issued with eleven (11) claims. *Id.*

17. Power Probe, as owner of the ’093 Patent, holds all title to and interest in the ’093 Patent.

18. Power Probe has standing to sue for infringement—including past infringement—of the ’093 Patent.

19. The ’093 Patent generally relates to work lights, and more particularly to a modular lighting system that may be configured into multiple lighting sources. In plain terms, the patented system is a portable work light made up of a carrying enclosure (a

housing that holds the lights) and two or more smaller "detachable lighting elements" (individual lights that can be removed from the enclosure and used on their own).

20. The '093 Patent describes various needs in the prior art, including but not limited to: (1) automotive technicians often work in tight, dark spaces, such as engine compartments, where the volume of components casts many shadows; (2) conventional lighting systems could not light all required surfaces at the same time with a single lighting source; (3) larger, brighter lights produced significant heat and often failed to illuminate the desired area; (4) single lighting sources had to be moved multiple times during a project; and (5) using multiple lighting sources increased cost and clutter and required multiple power sources and runs of power wire that could create hazards.

21. Exemplary independent Claim 1 of the '093 Patent is directed to:

> A modular lighting system, comprising:
>
> at least two detachable lighting elements;
>
> an enclosure configured to retain the at least two detachable lighting elements;
>
> a detachable power cable that is capable of being communicatively coupled to a power source; and
>
> wherein each of the at least two detachable lighting elements comprise:
>
> a lighting source;
>
> a base area comprising a magnetic retainer configured to attach with a metal surface of a work area;
>
> and an independent power source; and
>
> wherein each of the at least two detachable lighting elements are adapted to swivel, about a swivel axis parallel to the metal surface of the work area and near the base area, substantially a full range from zero to at least ninety degrees within a plane perpendicular to the metal surface of the work area when the base area is attached to the metal surface of the work area, thereby enabling control of degree of illumination of work areas; and

wherein the swivel axis of each of the at least two detachable lighting elements is parallel to a longitudinal axis of the enclosure when the at least two detachable lighting elements are retained in the enclosure.

22. The prosecution history of the ’093 Patent is attached hereto as **Exhibit 2**.

23. The ’093 Patent is valid and enforceable.

24. The validity of the ’093 Patent has never been challenged.

***Power Probe’s Modular Work Light Series***

25. Power Probe makes, offers to sell, and sells a modular work light series that practices the ’093 Patent, namely the Power Probe MWL1000 Modular Work Light (the “Power Probe MWL1000”).




26. The success of the Power Probe MWL1000 is based, in part, on its patented technology.

### *The Accused Products*

27. Upon information and belief, AstroTools has and continues to infringe the ’093 Patent by making, distributing, offering for sale, selling, and/or importing the Accused Product in the United States.

28. Upon information and belief, AstroTools manufactures products, like the Accused Product, and sells them through a nationwide distribution network of mobile tool truck brands and automotive wholesalers.

29. AstroTools nationwide network of distributors includes Snap-On, Mac Tools, Matco Tool and Cornwell Tools. *See* **<u>Exhibit 3</u>**.

30. AstroTools manufactures, sells, and offers for sale the Accused Product, which is a lighting system comprising three detachable lighting elements, an enclosure retaining the three detachable lighting elements, and a detachable power cable.



31. Upon information and belief, AstroTools manufactures the Accused Product for sale as a white label product to at least one of its nationwide network of distributors.

32. As demonstrated by the claim chart attached hereto as **Exhibit 4**, the Accused Product infringes at least Claim 1 of the ’093 Patent.

***Irreparable Harm to Power Probe***

33. AstroTools’ conduct has already caused irreparable harm to Power Probe and will continue to cause further irreparable harm unless AstroTools is enjoyed from further acts of infringement.

34. The recent disruption caused by the unlawful market entry and participation of AstroTools threatens to cause an unquantifiable and irreversible amount of harm to Power Probe’s market share, cause irreversible price erosion and loss of business opportunities, as well as have a detrimental and incalculable impact on Power Probe’s ability to invest and further innovate.

35. Under the patent system, Power Probe is entitled to exclusivity through the life of the ’093 Patent; its business plan is predicated on this exclusivity. Any further disruption from Power Probe’s current operations in order to distinguish itself from and otherwise compete with AstroTools will cause further irreparable harm to Power Probe.

36. There is no commercially available non-infringing alternative to the Accused Product.

***AstroTools’ Willful Infringement***

37. Upon information and belief, AstroTools has known of the existence of the ’093 Patent and its infringement have been willful and in disregard for the ’093 Patent,

without any reasonable basis for believing that it had a right to engage in the infringing conduct.

38. For example, on or about October 7, 2026, Power Probe, through its counsel, wrote AstroTools to address its sale of the Accused Product, noting AstroTools' prior acknowledgement in email correspondence with Power Probe of the overlap between the Accused Product and the '093 Patent. *See* **Exhibit 5**.

39. AstroTools' continued infringement, in light of its knowledge of the '093 Patent and acknowledgement of the overlap between the Accused Product and the '093 Patent, is willful and entitles Power Probe to treble damages as per 35 U.S.C. § 284.

**COUNT I- DIRECT PATENT INFRINGEMENT**
(35.S.C. § 271(a))

40. Plaintiff repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41. AstroTools has infringed and continues to directly infringe upon one or more claims of the '093 Patent, either literally or under the Doctrine of Equivalents, by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Product in violation of 35 U.S.C. § 271(a).

42. Upon information and belief, AstroTools has gained revenues by virtue of its infringement of the '093 Patent.

43. Power Probe has sustained damages as a direct and proximate result of AstroTools' infringement.

44. AstroTools' acts of infringement of the '093 Patent have caused and will continue to cause Plaintiff damages for which it is entitled to compensation pursuant to 35 U.S.C. § 284.

45. Power Probe will suffer, and is suffering, irreparable harm from AstroTools' infringement of the '093 Patent.

46. Power Probe has no adequate remedy at law and is entitled to an injunction against AstroTools' continuing infringement of the '093 Patent.

47. AstroTools' infringement of the '093 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

48. AstroTools' infringement has been, and continues to be knowing, intentional, and willful under 35 U.S.C. § 284 considering AstroTools' intent to infringe and its actual infringement despite having the requisite knowledge of the '093 Patent and knowledge that its conduct likely constitutes infringement, in complete and reckless disregard of Power Probe's patent rights.

**PRAYER FOR RELIEF**

WHEREFORE, Power Probe Group, Inc., through the undersigned, respectfully requests judgment against AstroTools as follows:

A. An entry of judgment that AstroTools has directly infringed one or more claims of the '093 Patent;

B. Granting a preliminary and permanent injunction against AstroTools, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and

assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the ’093 Patent;

C. A judgment awarding Power Probe all damages adequate to compensate Power Probe for AstroTools’ infringement of the ’093 Patent, including actual damages suffered by Plaintiff as a result of AstroTools’ unlawful conduct, in an amount to be proven at trial, in and in no event, less than a reasonable royalty, including all pre-judgement and post-judgment interest at the maximum interest rate permitted by law;

D. A judgment awarding Power Probe all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest as authorized by law;

E. A judgment that this is an exceptional case and an award to Power Probe its costs and reasonable attorneys’ fees incurred in this action, as provided by 35 U.S.C. § 285; and

F. Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Power Probe hereby demands trial by jury on all issues raised by the Complaint.

## RESERVATION OF RIGHTS

Power Probe reserves the right, upon further investigation and discovery, to assert such claims against AstroTools and other responsible parties as may be just and appropriate under the circumstances.

This the 6th day of November, 2026.

Respectfully submitted,

*<u>/s/ Samuel Alexander Long, Jr.</u>*
Samuel Alexander Long, Jr.
(N.C. Bar No. 46588)
Lucas D. Garber (N.C. Bar No. 47756)
Marshall Joseph Adkins (N.C. Bar No. 63756)
Tom BenGera (N.C. Bar No. 57019)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com
lgarber@shumaker.com
madkins@shumaker.com
tbengera@shumaker.com

*Attorneys for LuPower Probe Group, Inc.*